IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANNAH RULLO, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-1380 |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | Re: ECF No. 102 |
| UNIVERSITY OF PITTSBURGH – OF THE ) | |
| COMMONWEALTH SYSTEM OF HIGHER ) | |
| EDUCATION, *A Commonwealth of* ) | |
| *Pennsylvania Non-Profit Corporation*, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Presently before the Court is the Motion in Limine to Exclude Class Ranking of Plaintiff at University of Pittsburgh School of Law (the "Motion to Exclude Class Rank") filed by Plaintiff Hannah Rullo ("Rullo"). ECF No. 102.

### I.   BACKGROUND

The instant action was brought by Rullo, a former law student at the University of Pittsburgh (the "University"), alleging that the University violated her rights to be free of gender bias, retaliation, and hostile environment under Title IX, 20 U.S.C. § 1681(a). Rullo's claims arise out of the University's alleged mishandling of her Title IX complaint and her allegations of assault and battery against Leonel Mendieta ("Mendieta"), a fellow law student. Following ruling on the University's Motion for Summary Judgment, the case is scheduled for trial relative to Rullo's Title IX claims of gender discrimination (Count I), hostile environment (Count II) and retaliation (Count III). ECF No. 78.

In the Statement of Damages section of her Pretrial Statement, Rullo states that she will seek four categories of damages at time of trial.

1. Lost educational opportunities due to leaving the University prematurely and the University's treatment of Rullo causing her to complete law school one year later than anticipated at a less competitive institution, which caused her to suffer loss of future earnings and earnings capacity.

2. Compensatory and other non-economic damages caused by the behavior of the University and lack of adequate investigation of Rullo's Title IX complaint, including emotional distress, damage to reputation, fear, anxiety and trauma.

3. Equitable relief in the form of correction of Rullo's scholastic record at the University to reflect no Title IX violation by Rullo.

4. Attorneys' fees and costs.

ECF No. 92 at 7.

## II.     RULLO'S MOTION TO EXCLUDE EVIDENCE OF CLASS RANK

In the Motion to Exclude Class Rank, Rullo seeks to preclude any evidence of her class rank at the University. Rullo states that, although the University advertises that it has a policy of providing no class rankings and prohibits students from indicating a class rank on their resumes, the University's counsel in this case obtained a letter from the Vice Dean of the School of Law stating Rullo's grade point average and class rank. ECF No. 102-1 at 2-3. Of note, the Vice Dean expressly states in the three-sentence letter that the Law School "does not ordinarily rank students." Id. In light of the Law School's public position that it has no class ranking system, Rullo seeks to exclude the letter from evidence and to preclude any testimony relative to her class rank.

### III.  DISCUSSION

####   a.  Admissibility of the Vice Dean's Letter

Rullo argues that the letter is inadmissible hearsay because it is an out of court statement offered for the truth of the matter asserted.  ECF No. 102 at 3 (citing Fed. R. Evid. 801(c)).  Rullo anticipates that the letter will be offered to establish Rullo's class rank.  Rullo anticipates that the University may contend that the letter is admissible as a business record under Federal Rule of Evidence 803(6), however, she argues that the letter does not fall within the business records exception because the Law School has no policy of keeping class rankings of students.  Id.

Upon review of the University's Response in Opposition, ECF No. 115, the Court notes that the University does not specifically address Rullo's argument that the letter is not admissible as a business record under Rule 803(6).

As to the admissibility of the three-sentence letter from the Vice Dean of the Law School stating Rullo's class rank, ECF No. 102-1, the Court finds that the letter is inadmissible hearsay.  It is an out of court statement offered for the truth of the matter asserted.  Fed. R. Evid. 801(c).

Rule 803(6) creates an exception to the hearsay rule for:

A record of an act, event, condition, opinion or diagnosis if:

  (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge;
  (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
  (C) making the record was a regular practice of that activity;
  (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
  (E) the opponent does not show that the source of the information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

In this case, the letter does not come within the business records exception for two reasons. First, it was not created at or near the time of the event. The alleged events that resulted in the cross-filed Petitions for Protection from Abuse Orders took place on September 2, 2016. ECF No. 46 ¶ 20. On April 3, 2017, Rullo was notified of her suspension from the University for the remainder of the Spring 2017 semester. Id. ¶ 35. However, the letter from the Vice Dean was not issued until July 17, 2019, over two years later. ECF No. 102-1. Second, the letter states that Rullo's class rank was not a record created in the ordinary course of business. It is apparent that the letter was created in response to an inquiry from the University's defense counsel for purposes of this litigation. For these reasons, the letter and accompanying handwritten notation of Rullo's class rank are not admissible at trial.[1] Accordingly, the Motion in Limine is granted as it relates to the letter.

**B.    Testimony Regarding Class Rank**

Rullo also seeks to exclude testimony by any witness relative to Rullo's class rank because the Law School did not and does not rank students. As such, she asserts that testimony as to her class rank is inadmissible hearsay.

Rullo also argues that even if class ranking is not excluded as hearsay, it should be excluded under Rule 403 because it may be unfairly prejudicial, confusing and can mislead a jury. Id. Specifically, she argues that because there is no ranking of students at the Law School, such evidence is confusing or misleading to a jury in assessing her career potential since the Law School itself does not rely upon such information and prohibits its use. Rullo further argues that the ranking of a first-year law student has no particular probative value. In addition, Rullo asserts that the University did not identify any witness during discovery relative to this issue of

---

[1] Rullo's academic transcript, minus the handwritten notation of her class rank, however, may be admissible as a business record, assuming that the appropriate foundation is established.

4

class rank and the letter from the Vice Dean was created after the close of fact discovery and long after Rullo's departure from the Law School. Id. at 5.

The University in its Response in Opposition, ECF No. 115, takes the position that the Motion to Exclude Class Rank should be denied because Rullo seeks significant damages for loss of earning capacity. The University argues that individual performance, including class rank, is relevant because it bears heavily on the job opportunities and earning capacities of recent law school graduates.[2] The University points out that Dr. Paul Mason, Rullo's damages expert, testified that, based on his research, individual class rank was the "highest component" impacting starting salary for lawyers immediately after law school graduation. Id. at 2. Further, to the extent that Rullo intends to argue that her poor academic performance was the result of emotional distress caused by the University, it argues that it is relevant to establish that her poor academic performance pre-dated the Title IX investigation. Id.

The University also argues that Rullo cannot use a hearsay objection relative to the Vice Dean's letter to exclude all testimony as to Rullo's class ranking and academic performance. Id. at 3. Further, the University asserts that the fact that the Law School does not publish class rankings does not make the fact of Rullo's class ranking misleading or prejudicial. Id. In addition, the University states that it is inappropriate to exclude Rullo's class rank at the University given that she has refused to produce her class rank from Florida Coastal School of Law. Id. at 4-5.

The Court considers this portion of the instant Motion in the context of Federal Rule of Evidence 401. "Evidence is relevant if: (a) it has any tendency to make a fact more or less

---

[2] Of note, the University states that Rullo has refused to provide her class ranking from Florida Coastal School of Law, where she graduated in 2019.

5

probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

At trial, Rullo will claim significant damages for her loss of future earnings and earning capacity because she was forced to complete law school at a lower-tier, less competitive, law school, than the University. In challenging Rullo's proffered damages, the University will argue that evidence of Rullo's law school academic performance is relevant. Therefore, Rullo's academic performance at both law schools is relevant because it relates to her earnings and earning capacity, and, as such, it will be admissible at time of trial.

The more narrow issue to be addressed is whether Rullo's class rank at the University is relevant and admissible. As to class rank, it is undisputed that the Law School does not maintain class rankings. First, the Vice Dean of the Law School in her letter to defense counsel expressly stated that "we do not ordinarily rank students." ECF No. 102-1. Second, the University, on its website, clearly states that the Law School has a policy of not providing a class ranking of students.

> The Law School has committed to a policy of not providing an academic ranking of students. Students fall into the following "bands" of grades: A, A-, B+, B, B-, C+, C, C-, D. Students may list their G.P.A. and/or these letter grades on resumes. Ninety-five to ninety-seven percent of a class of students has grade averages in the five grade bands A- to C+.

ECF No. 102-2 at 2.

In addition, the University directs that law students "are not permitted to indicate an approximate class rank on a resume." Id. at 3. Furthermore, the Law School does not provide a law student's class rank to prospective employers.

> Employers who choose to hire according to class rank may consult the graphs relating to grade averages and rank, available from the Professional Development Office. Students also consult the grade distribution information graphs to determine whether they fall into an employer's class rank cutoff or preference.

Id.

Under the Law School policy, grade "bands" can be referred to and the Law School publishes a chart showing the numerical values and ranges for letter grades.

| Grade | Value | Rounding Conventions |
|---|---|---|
| A+ | 4.000 | |
| A  | 4.000 | 3.876 – 4.000 |
| A- | 3.750 | 3.501 – 3.875 |
| B+ | 3.250 | 3.126 – 3.500 |
| B  | 3.000 | 2.876 – 3.125 |
| B- | 2.750 | 2.501 – 2.875 |
| C+ | 2.250 | 2.126 – 2.500 |
| C  | 2.000 | 1.876 – 2.125 |
| C- | 1.750 | 1.376 – 1.875 |
| D  | 1.000 | .751 – 1.375 |
| F  | 0 | |

Id.

In the context of the clearly articulated policy of the Law School not ranking students, not allowing students to list class ranks on their resumes, not issuing class ranks to prospective employers and only allowing this disclosure of "bands" of grades, the Court finds that numerical class rank is not relevant to this case. Specifically, Rullo was not provided her class rank by the Law School; she was not permitted to list her class rank on her resume; and she was not allowed to indicate her class rank to any prospective employers. Furthermore, the Law School would not provide Rullo's class rank to any of her prospective employers in accordance with the stated policy. Therefore, given the Law School policy of not ranking, not disclosing and not allowing the use of class rank, evidence of Rullo's class rank at the Law School is not of consequence in considering the claims in this case.

Furthermore, the Court finds that the introduction of evidence of Rullo's later calculated class rank relative to the Law School operations that barred the issuance, use or publication of class rank would only serve to confuse or mislead the jury. Fed. R. Evid. 403.

Finally, although evidence of Rullo's class rank is not admissible, evidence may be introduced as to Rullo's academic transcript and the "band" of grade where her grade point average fell in the context of the Law School's identified "rounding conventions" as noted above.

Accordingly, the Motion in Limine to preclude the introduction of testimony as to Rullo's class rank is granted.

### IV.   CONCLUSION

For the reasons set forth herein, IT IS HEREBY ORDERED that Plaintiff's Motion in Limine to Exclude Class Ranking of Plaintiff at the University of Pittsburgh Law School, ECF No. 102, is GRANTED.

DATED:  February 18, 2021               BY THE COURT:


                                         /s/ Maureen P. Kelly
                                        MAUREEN P. KELLY
                                        UNITED STATES MAGISTRATE JUDGE


cc:  All counsel of record via CM/ECF.