IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANNAH RULLO, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-1380 |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | Re: ECF No. 103 |
| UNIVERSITY OF PITTSBURGH – OF THE ) | |
| COMMONWEALTH SYSTEM OF HIGHER ) | |
| EDUCATION, *A Commonwealth of* ) | |
| *Pennsylvania Non-Profit Corporation*, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

Presently before the Court is the Motion in Limine to Exclude Evidence and Argument Related to the Police Report, University Police Records and Court of Common Pleas Docket (the "Motion to Exclude Police Records") filed by Plaintiff Hannah Rullo ("Rullo"). ECF No. 103. Defendant University of Pittsburgh (the "University") opposes the motion. ECF No. 114.

I.  BACKGROUND

The instant action was brought by Rullo, a former law student at the University, alleging that the University violated her rights to be free of gender bias, retaliation, and hostile environment under Title IX, 20 U.S.C. § 1681(a). Rullo's claims arise out of the University's alleged mishandling of her Title IX complaint and her allegations of assault and battery against Leonel Mendieta ("Mendieta"), a fellow law student. Following ruling on the University's Motion for Summary Judgment, the case is scheduled for trial relative to Rullo's Title IX claims of gender discrimination (Count I), hostile environment (Count II) and retaliation (Count III). ECF No. 78.

In the Exhibits section of its Pretrial Statement, the University identifies thirty-three exhibits that it expects to introduce at time of trial. Three of those exhibits are the subject of the Motion to Exclude Police Records.

    7.   Pittsburgh Police Report of Rullo/Mendieta incident (UP000790-UP000797).

    12.  University of Pittsburgh Police records (UP000771).

    13.  Court of Common Pleas criminal docket (UP000773-UP000775).

ECF No. 93 at 7.

## II.   RULLO'S MOTION TO EXCLUDE POLICE RECORDS

In the Motion to Exclude Police Records, Rullo seeks to exclude from the trial of this case the introduction of any testimony, argument, or document relating to Rullo's arrest and the criminal case as well as the University Police records because such information is not relevant and unfairly prejudicial. ECF No. 103 at 1.

## III.   DISCUSSION

### A.  Court of Common Pleas of Allegheny County Docket

Rullo seeks to preclude the admission of a copy of the docket from the charge against her in the Criminal Division of the Court of Common Pleas of Allegheny County (Exhibit 13 - UP000773-UP000797). Id. at 2-3. In its Response in Opposition, the University has stipulated to excluding the identified document from the trial of this case. ECF No. 114 at 1. As a result, the Motion to Exclude Police Records, as to this document, will be granted.

### B.  City of Pittsburgh and University of Pittsburgh Police Records

Rullo also seeks to exclude the admission of the investigation documents of the City of Pittsburgh Police (Exhibit 7 – UP000790 – UP000797) and the University of Pittsburgh Police

(Exhibit 12 – UP000712) (the "Police Reports") based on two arguments. The Court will address each argument separately.

1. **Relevance**

Rullo initially argues that the prosecuting attorney dropped the criminal charge against her,[1] and that neither the arrest report nor the University Police Report were in the files of the Title IX office of the University. ECF No. 103 at 2. As a result, Rullo argues that the two Police Reports are not relevant for purposes of a fact-finder determining if the University is liable under Title IX, and that they are not relevant for damages purposes. Id. at 3.

In its Response in Opposition, the University argues that the Police Reports are not only relevant, but they weigh on the ultimate issue in this litigation. ECF No. 114 at 2-3. The University asserts the Police Reports are relevant because they were considered as part of the Title IX investigation.[2] The University argues that it conducted a thorough and impartial investigation into Rullo's claims against Mendieta and vice versa following a domestic altercation. The investigation included a review of information provided by the City of Pittsburgh Police Department and the University of Pittsburgh Police Department as set forth in the Police Reports showing that Rullo was arrested in connection with the altercation with Mendieta and charged with simple assault, which charge was held over for court. Id. Further, the University argues that the Police Reports were a basis for the Title IX investigator's credibility determinations and conclusions. The University points out that the Title IX investigator found Rullo to be lacking in credibility in part because certain information that she

---

[1] Rullo provides the Declaration of Robert Downey, Esq., her criminal defense attorney, who attests that she was charged with simple assault, a misdemeanor. He further states that the charge was ultimately dismissed by the prosecutor and, as a result, Rullo has no criminal record. ECF No. 103-2 at 2.

[2] The University does not specifically address Rullo's argument that the Police Reports were not in the files of the Title IX office.

3

provided during the Title IX investigation process was inconsistent with the Police Reports and showed that Rullo's story continued to change over time.  Id.

In considering the admissibility of the Police Reports as evidence in support of the University's defense, the Court must first consider the proffered evidence in the context of Federal Rule of Evidence 401.  "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.

Through this Motion in Limine, Rullo seeks to prevent the University from introducing key evidence necessary to the defense of the Title IX claims.  Evidence of the University's investigation and reports that it considered in reaching its final determination directly relate to the ultimate issue of the reasonableness of the University's conduct and whether there were lawful, unbiased reasons for the findings of the Title IX investigator.  As such, the Police Reports are clearly relevant under Rule 401 because they have a tendency to make a fact more probable than not, and they may be of significant consequence in determining the claims and defenses in this action.  Accordingly, the Court finds that the Police Reports, identified in the two exhibits, are relevant.  However, in light of Rullo's representation to the Court that the Police Records were not in the files of the Title IX office and the University's argument that the Title IX investigator relied on the information in the Police Reports, the University will be required, at trial, to establish the appropriate foundation to support the admission of the Police Reports into evidence as to information that the investigator relied upon.

### 2. Probative value versus undue prejudice/jury confusion

Second, Rullo asserts that even if the Court finds that the Police Reports are relevant, they should be excluded from evidence because there is no causal link between the arrest and

criminal case involving Rullo and the University's Title IX obligations. As such, she contends that evidence of the arrest and criminal case can create unfair prejudice and confusion, and it may mislead the jury. ECF No. 103 at 3-4.

The University takes the position that Rullo's argument is baseless. ECF No. 114 at 3-4. The University argues that Rullo has brought a lawsuit challenging the reasoning for the outcome of its Title IX investigation but, by this motion, she now argues that she will be prejudiced if the University is permitted to present evidence explaining the reasoning for its Title IX investigation outcome. The University asserts that just because the Police Reports may make it less likely for Rullo to succeed on her claim does not mean that the evidence is prejudicial. Id.

Federal Rule of Evidence 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

Upon review, the Court also finds that Rullo's argument that the Police Reports should be excluded because the probative value of the evidence is substantially outweighed by the risk of unfair prejudice to Rullo and likelihood of confusing or misleading the jury, ECF No. 103 at 3-4, is without merit. The Police Reports are probative of the reasonableness of the University's conduct based on the information about Rullo's alleged behavior that the University had in its possession and considered as part of the Title IX investigation.[3]

---

[3] In support of the argument of likeliness to confuse the jury, Rullo also argues, relying on Federal Rule of Evidence 410, that a *nolo contendere* plea is not admissible against the defendant who made the plea. ECF No. 103 at 4. The University correctly points out that the Police Reports do not contain reference to any *nolo contendere* plea, and it does not intend to introduce any evidence of a such a plea at trial. ECF No. 114 at 4. In fact, there is no evidence before the Court that Rullo ever entered a *nolo contendere* plea.

Finally, any concern of Rullo that the jury could believe that her arrest, despite the dismissal of the charge and there being no conviction, is somehow a finding by law enforcement that she was the aggressor during the incident with Mendieta on September 2, 2016, can be addressed by the Court through an appropriate cautionary instruction of the jury.  As such, counsel for the parties are directed to prepare a joint proposed instruction for the jury as to this issue.

## IV.   CONCLUSION

For the reasons set forth herein, IT IS HEREBY ORDERED that Plaintiff's Motion in Limine to Exclude Evidence and Argument Related to the Police Report, University Police Records and Court of Common Pleas Docket, ECF No. 103, is GRANTED as to the Court of Common Pleas of Allegheny County Docket and is DENIED as to the City of Pittsburgh Police records and University of Pittsburgh Police records, identified as University Exhibit Nos. 7 and 12.

Dated:  February 18, 2021               BY THE COURT:

   */s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:  All counsel of record via CM/ECF.