IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANNAH RULLO, | ) |
| Plaintiff, | ) Civil Action No. 17-1380 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 108 |
| UNIVERSITY OF PITTSBURGH – OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION, *A Commonwealth of Pennsylvania Non-Profit Corporation*, | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Presently before the Court is the Motion in Limine to Limit Evidence and Testimony Regarding Damages filed by Defendant the University of Pittsburgh (the "University"). ECF No. 108. Plaintiff Hannah Rullo ("Rullo") opposes the motion. ECF No. 116.

**I.   BACKGROUND**

The instant action was brought by Rullo, a former law student at the University, alleging that the University violated her rights to be free of gender bias, retaliation, and hostile environment under Title IX, 20 U.S.C. § 1681(a). Rullo's claims arise out of the University's alleged mishandling of her Title IX complaint and her allegations of assault and battery against Leonel Mendieta ("Mendieta"), a fellow law student. Following ruling on the University's Motion for Summary Judgment, the case is scheduled for trial relative to Rullo's Title IX claims of gender discrimination (Count I), hostile environment (Count II) and retaliation (Count III). ECF No. 78.

In the Statement of Damages section of her Pretrial Statement, Rullo states that she will seek four categories of damages at time of trial.

1. Lost educational opportunities due to leaving the University prematurely and the University's treatment of Rullo causing her to complete law school one year later than anticipated at a less competitive institution, which caused her to suffer loss of future earnings and earnings capacity.

2. Compensatory and other non-economic damages caused by the behavior of the University and lack of adequate investigation of Rullo's Title IX complaint, including emotional distress, damage to reputation, fear, anxiety and trauma.

3. Equitable relief in the form of correction of Rullo's scholastic record at the University to reflect no Title IX violation by Rullo.

4. Attorneys' fees and costs.

ECF No. 92 at 7.

## II.     THE UNIVERSITY'S MOTION IN LIMINE

In the instant Motion in Limine, the University requests that Rullo be precluded from introducing evidence and/or testimony related to two topics: (a) the underlying incident of dating violence with Mendieta, offered for the purpose of adjudicating Mendieta's culpability and/or for the purpose of showing alleged damages arising therefrom; and (b) alleged attempts by Mendieta and/or others acting on his behalf to intimidate Rullo following the incident of dating violence, offered for the purpose of adjudicating Mendieta's culpability and/or for the purpose of showing alleged damages arising therefrom.  ECF No. 108.

### III. DISCUSSION

In the instant Motion in Limine, the University asserts that the issues of whether Rullo was assaulted by Mendieta (or vice versa) and whether Mendieta (and/or those acting on his behalf) later attempted to intimidate Rullo are not before this Court.  <u>Id.</u> at 1.  The University takes the narrow view that the sole issue before the jury will be whether the University's finding of responsibility against Rullo was reasonable.  <u>Id.</u> at 2.

In her Response in Opposition, ECF No. 116, Rullo argues that evidence as to the underlying incident of dating violence and the intimidation efforts by Mendieta and others is relevant to her Title IX claims that the University's actions were unreasonable, hostile and discriminatory.  <u>Id.</u> at 1- 2.  She further argues that this evidence is necessary to prove the requisite elements of her claims, especially the hostile environment claim.  <u>Id.</u> at 3.  Rullo notes that this Court recognized in its Opinion and Order denying the University's Motion for Summary Judgment that evidence of Mendieta's treatment of Rullo and intimidation and harassment by Mendieta and his friends was relevant and necessary for Rullo to prove her claims.  <u>Id.</u> at 2.

At the outset of consideration of this Motion in Limine, the Court notes that in previously considering the University's Motion for Summary Judgment, this Court identified Rullo's Title IX hostile environment claim (Count II) and recognized the requirements to prove a hostile environment claim.

> At Count II of the Complaint, Rullo alleges that the University was "deliberately indifferent to known sexual harassment and the sexually hostile environment in which she suffered as a result of its failure to institute any accommodations for Plaintiff's safety."   ECF No. 1 ¶ 62.  Rullo contends that by September 7, 2016, the University was aware that Mendieta assaulted her and that it became aware of harassing, intimidating and threatening conduct taking place in the Law School. Based upon this information, Rullo contends the University should have provided her an escort to attend class, counseled Mendieta and his friends regarding their

> treatment of her, investigated her complaints of Title IX violations, and provided a viable alternative to attend classes at the Law School. Id. As a result of its failure to take any of these steps, Rullo claims she had no option but to withdraw from the Law School.
>
> The United States Supreme Court has held that Title IX may support a hostile environment claim against a recipient of federal funding for the manner in which it addresses student-on-student sexual harassment when the plaintiff can show (1) that the sexual harassment was so severe, pervasive, and objectively offensive that it could be said to deprive the plaintiff of access to an educational opportunity or benefit, (2) that the funding recipient had actual knowledge of the sexual harassment, and (3) that the funding recipient was deliberately indifferent to the harassment. Davis v. Monroe Cty Bd of Educ., 526 U.S. 629, 650 (1999). An institution's liability depends on whether an official with authority to institute corrective measures had actual notice of and was deliberately indifferent to the harasser's misconduct. Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 277 (1998).
>
> As relevant here, "the deliberate indifference must, at a minimum 'cause [students] to undergo' harassment or 'make them liable or vulnerable' to it." Davis v. Monroe, 526 U.S. at 645. Deliberate indifference requires a response (or failure to respond) that is "clearly unreasonable in light of the known circumstances." Id. at 649. This does not mean, however, "that recipients can avoid liability only by purging their schools of actionable peer harassment or that administrators must engage in particular disciplinary action." Id. at 648. Rather, "the recipient must merely respond to known peer harassment in a manner that is not clearly unreasonable. This is not a mere 'reasonableness' standard, …. [i]n an appropriate case, there is no reason why courts, on a motion to dismiss, for summary judgment, or for a directed verdict, could not identify a response as not 'clearly unreasonable' as a matter of law." Id. at 648-49.

ECF No. 78 at 13-14.

In determining the admissibility of evidence proffered by Rullo to prove her Title IX claims, the Court must first consider the proffered evidence in the context of Federal Rule of Evidence 401. "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Through this Motion in Limine, the University seeks to prevent Rullo from introducing key evidence necessary to prove the requisite elements of her Title IX claims. Evidence of the

4

underlying incident of dating violence with Mendieta and of attempts by Mendieta and his associates to intimidate Rullo following the incident is the foundational basis for Rullo's hostile environment and discrimination claims. As such, the evidence is clearly relevant under Rule 401 because it has a tendency to make a fact more probable than not, and it is of significant consequence in determining the claims in this action. Furthermore, evidence as to when the University was provided information as to the underlying incident of dating violence and subsequent intimidation efforts, how the University received this information and how the University responded to this information is certainly relevant to the Title IX claims at issue. Accordingly, the Court finds that evidence of the underlying incident of dating violence involving Mendieta and the attempts by Mendieta and his associates to intimidate Rullo is relevant and admissible.

As a final note, the Court also finds that the University's argument that this evidence should be excluded because the probative value of the evidence is substantially outweighed by the risk of unfair prejudice to the University and likelihood of confusing the issue or misleading the jury, ECF No. 108 at 2, is without merit. Aside from making this blanket assertion, the University does not cite to any specifics to support this assertion. Again, the evidence at issue is probative of the University's conduct in light of the information about Mendieta's alleged behavior that the University had in its possession and allegedly investigated. Any concern of the University that the harm caused by Mendieta may be the basis of a jury award of damages as opposed to the University's conduct may be addressed through an appropriate jury instruction, if warranted.

## IV. CONCLUSION

For the reasons set forth herein, IT IS HEREBY ORDERED that Defendant's Motion in Limine to Limit Evidence and Testimony Regarding Damages, ECF No. 108, is DENIED.

Dated:  February 18, 2021                    BY THE COURT:

                                              */s/ Maureen P. Kelly*
                                              MAUREEN P. KELLY
                                              UNITED STATES MAGISTRATE JUDGE

cc:  All counsel of record via CM/ECF.