IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANNAH RULLO, | ) |
| Plaintiff, | ) Civil Action No. 17-1380 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 109 |
| UNIVERSITY OF PITTSBURGH – OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION, *A Commonwealth of Pennsylvania Non-Profit Corporation*, | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Presently before the Court is the Motion in Limine to Exclude Certain Documents filed by Defendant the University of Pittsburgh (the "University"). ECF No. 109. Plaintiff Hannah Rullo ("Rullo") opposes the motion. ECF No. 118.

**I.   BACKGROUND**

The instant action was brought by Rullo, a former law student at the University, alleging that the University violated her rights to be free of gender bias, retaliation, and hostile environment under Title IX, 20 U.S.C. § 1681(a). Rullo's claims arise out of the University's alleged mishandling of her Title IX complaint and her allegations of assault and battery against Leonel Mendieta ("Mendieta"), a fellow law student. Following ruling on the University's Motion for Summary Judgment, the case is scheduled for trial relative to Rullo's Title IX claims of gender discrimination (Count I), hostile environment (Count II) and retaliation (Count III). ECF No. 78.

In the Exhibits section of her Pretrial Statement, Rullo identifies thirty-nine exhibits that she intends to introduce as evidence at time of trial. Five of those exhibits are referenced in the University's Motion in Limine to Exclude Certain Documents.[1]

4. C. Galfetto correspondence to Dr. Radfar, sent 2016-10-07 (RulloApp.0000102, H.RULLO001396) (Ex. 4 Rzepecki Depo.);

33. Pictures of Hannah Rullo Injuries produced to Defendant;

34. Plaintiff's Medical Records produced to Defendant from Steward Chiropractic Clinic;

35. Plaintiff's Medical Records for her injuries related to the attack by Mendieta from UPMC St. Margaret produced to Defendant; and

36. Plaintiff's Court record dismissing all charges against her from the Court of Common Pleas of Allegheny County, PA produced to Defendant.

ECF No. 109 at 2; ECF No. 92 at 10, 12.

## II. DISCUSSION

In the Motion in Limine to Exclude Certain Documents, the University seeks to exclude three exhibits from the trial of this case on the basis that they pertain solely to the issue of dating violence and the alleged harm therefrom. ECF No. 109 ¶ 4. The Court will address each exhibit separately.

### A. Letter from C. Galfetto to Dr. Radfar  (Exhibit 4)

The exhibit is a letter from a counselor at Pittsburgh Action Against Rape ("PAAR") to a physician named Dr. Radfar. In the letter, C. Galfetto, the PAAR counselor, reports that Rullo has been seen at PAAR for weekly counseling sessions for mental health issues related to the underlying incident of dating violence with Mendieta.

---

[1] In the instant Motion, the University only seeks to preclude Exhibit Nos. 4, 34 and 35. However, as to these five exhibits, it states that Rullo failed to include bates labels for these documents in its Pretrial Statement, and the University reserves its rights to object to the introduction of these documents. ECF No. 109 at 8 n. 1.

The University argues that the letter is entirely silent as to any conduct by the University. In addition, it asserts that the Title IX investigation had only just begun at the time the letter was written. Id. ¶ 7.

Rullo opposes the Motion in Limine as to this letter. She correctly points out this Court recognized in ruling on the University's Motion for Summary Judgment that Rullo "provided the University with court records, medical records and other evidence in support of her claims of gender discrimination, as well as the names of relevant witnesses." ECF No. 118 at 1-2. As such, Rullo argues that because Rullo provided this letter to the University and it was part of the University's Title IX investigation and its outcome, the letter is relevant and probative. Id. at 2.

Consistent with rulings on other motions in limine in this case, the Court finds that if the letter was provided to the University by Rullo or on her behalf, it is clearly relevant as to the information that the University had before it and/or considered as part of the Title IX investigation. Therefore, the letter is admissible, assuming the proper foundation for admission is established.

### B. Plaintiff's Medical Records from Stewart Chiropractic Clinic (Exhibit 34)
### Plaintiff's Medical Records from UPMC St. Margaret's Hospital (Exhibit 35)

Exhibits 34 and 35 consist of medical records relating to treatment that Rullo received at Stewart Chiropractic Clinic and UPMC St. Margaret's Hospital for injuries that she suffered as a result of the incident of dating violence with Mendieta.

The University argues these documents are not relevant to this issue in this case– whether offered for the truth of the matter asserted therein or for the purposes of showing damages arising from the underlying incident of dating violence with Mendieta – in that they do not pertain to conduct by the University. ECF No. 109 at 3. Further, the University asserts that, if relevant, the

probative value of the medical records is substantially outweighed by the risk of unfair prejudice to the University.  Id.

As to the medical records, Rullo again argues that because these medical records were provided by Rullo to the University and were part of the University's Title IX investigation and its outcome, the records are relevant and probative.  ECF No. 118 at 2.  In addition, Rullo asserts that because the records relate to health care during the pendency of the University's wrongful acts, they are relevant as to her damages.  Id.

Upon review, the Court again finds, consistent with rulings on other motions in limine, that if the identified medical records were provided to the University by Rullo or on her behalf, they are clearly relevant as to the information that the University had before it and/or considered as part of the Title IX investigation.  Therefore, the medical records are admissible, assuming the proper foundation for admission is established.

### III.    CONCLUSION

For the reasons set forth herein, IT IS HEREBY ORDERED that the University's Motion in Limine to Exclude Certain Documents, ECF No. 109, is DENIED.

Dated:  February 18, 2021        BY THE COURT:

 /s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:  All counsel of record via CM/ECF.