IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANNAH RULLO, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-1380 |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | Re: ECF No. 110 |
| UNIVERSITY OF PITTSBURGH – OF THE ) | |
| COMMONWEALTH SYSTEM OF HIGHER ) | |
| EDUCATION, *A Commonwealth of* ) | |
| *Pennsylvania Non-Profit Corporation*, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

Presently before the Court is the Motion in Limine to Exclude Certain Witnesses and/or Witness Testimony filed by Defendant the University of Pittsburgh (the "University"). ECF No. 110. Plaintiff Hannah Rullo ("Rullo") opposes the motion. ECF No. 117.

**I.    BACKGROUND**

The instant action was brought by Rullo, a former law student at the University, alleging that the University violated her rights to be free of gender bias, retaliation, and hostile environment under Title IX, 20 U.S.C. § 1681(a). Rullo's claims arise out of the University's alleged mishandling of her Title IX complaint and her allegations of assault and battery against Leonel Mendieta ("Mendieta"), a fellow law student. Following ruling on the University's Motion for Summary Judgment, the case is scheduled for trial relative to Rullo's Title IX claims of gender discrimination (Count I), hostile environment (Count II) and retaliation (Count III). ECF No. 78.

Rullo and the University have both filed their respective Pretrial Statements. ECF Nos. 92 and 93. In the Identification of Witnesses section of her Pretrial Statement, Rullo identifies twelve witnesses that she expects to call and nine witnesses that she may call at time of trial. She has also designated each witness as related to liability, damages, or both liability and damages. ECF No. 92 at 8-10.

## II. DISCUSSION

In the Motion in Limine to Exclude Certain Witnesses and/or Witness Testimony, the University takes the position that the underlying incident – i.e, whether Rullo assaulted Mendieta or he assaulted her – is not before the Court and is not relevant. Likewise, the University argues that any damages that Rullo suffered as a result of the incident are not relevant. For these reasons, the University seeks to preclude or limit the testimony of ten of the witnesses that Rullo has identified.

In her Response in Opposition, Rullo argues that each witness that the University seeks to exclude has relevant and probative testimony to support Plaintiff's liability and damages claims. ECF No. 117.

Upon review, the Court finds that this omnibus motion is a broad sweeping attempt by the University to exclude many of Rullo's witnesses. The motion is based on the University's very narrow characterization of Rullo's Title IX claims. Rullo's claims are not as limited as the University asserts. Consistent with the Court's ruling on the Motion for Summary Judgment, the jury will hear evidence as to Rullo's claims of gender discrimination, hostile environment and retaliation.

The Court will address the witnesses that the University seeks to exclude by appropriate grouping.

### a. Law school classmates

The University seeks to exclude the testimony of Rullo's classmates, Amber Mason, Kristen Kakascik, Kara Hunter, Lauren Williams and Samantha Langston. In making general objections to these witnesses, the University appears to seek additional offers of proof as to their testimony.

In the Response in Opposition, Rullo states that the names of these witnesses were provided to the Title IX office. These witnesses also observed the intimidating behavior of Mendieta and his associates that they directed at Rullo following the incident of dating violence. These witnesses may also testify as to treatment of Rullo at the Law School following the submission of her Title IX complaint and will provide evidence of the hostile environment. ECF No. 117 at 1-3. They may also testify as to their involvement in the Title IX investigation, if any.

In considering the admissibility of the testimony of these witnesses in support of the Rullo's three legal claims, the Court must consider the proffered evidence in the context of Federal Rule of Evidence 401. "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Based on the information provided in the Response in Opposition, it appears that the witnesses may proffer testimony that is relevant to one, if not all, of Rullo's Title IX claims. As Rullo points out, for example, these witnesses will provide testimony relevant to establishing the alleged hostile environment. At the time of trial, Rullo and the University will be required to make a proffer as to each witness that they intend to call. At this time, the University has not

established any basis to preemptively exclude the testimony of any of Rullo's law school classmates.

### b. Rick Rullo

The University also seeks to exclude the testimony of Rullo's father, Rick Rullo. The University argues Mr. Rullo's testimony regarding what his daughter may have told him regarding Mendieta's conduct or the University's conduct is not relevant to this case, and that any probative value is substantially outweighed by risk of unfair prejudice. As such, the University takes the position that Mr. Rullo should be excluded from trial, except as to first-hand knowledge relevant to the claim for damages. Again, the University relies on Federal Rules of Evidence 401 and 403. ECF No. 3.

In response, Rullo argues that the University's argument that Mr. Rullo has no evidence relevant to this case is simply conjecture. She points out that her father was at the Law School at relevant times, interacted with her during the relevant time period and has knowledge of her Law School environment and the emotional impact of the University's actions following her submission of her Title IX complaint. ECF No. 117 at 4.

Again, based on the information provided in the Response in Opposition, it appears that Mr. Rullo may possess knowledge and provide testimony that is relevant to Rullo's claims and damages. At time of trial, Rullo will be required to make a proffer as the testimony of Mr. Rullo. At this time, the University has not established any basis to preemptively exclude Mr. Rullo's testimony.

### c. Carlos Golfetto, Dr. Valerie Wislo and Rhonda Wingfield

The University also seeks to preclude or limit the testimony of Carlos Golfetto ("Golfetto"), M.S. Ed., a counselor at Pittsburgh Action Against Rape ("PAAR"); Valerie Wislo,

M.D., a treating physician at UPMC St. Margaret's Hospital; and Rhonda Wingfield, of the Women's Center and Shelter of Greater Pittsburgh. The University argues that the incident of dating violence between Rullo and Mendieta is not being litigated in this case. As such, it asserts that none of these three witnesses have first-hand knowledge of the incident nor of the University's Title IX investigation. Therefore, the University argues that these witnesses should only be permitted to testify on the limited issue of Rullo's claim for damages against the University. ECF No. 110 at 3-4.

In her Response in Opposition, Rullo argues that each of these medical witnesses has relevant testimony to provide as to liability and damages. She states that each witness was made known to the Title IX office, and the Title IX office never contacted them in connection with the investigation. Additionally, each witness treated Rullo during the relevant time period. For example, Golfetto diagnosed Rullo with Post-Traumatic Stress Disorder, which the Title IX office knew about but did not consider as part of the investigation. Rullo further argues that evidence of her physical injuries is relevant because Dean Deasy discounted her obvious bruises and told her to stop acting like a victim, and the University failed to consider her physical injuries and mental health diagnosis. ECF No. 117 at 5.

Based on this Court's review, the Court finds that each of the three witnesses may provide relevant testimony as to Rullo's liability and damages claims, including as to the reasonableness of the University's conduct and the alleged lack of thoroughness of the Title IX investigation. Accordingly, the three witnesses will be permitted to testify, assuming that a more specific proffer is made at time of trial and a proper foundation is established for their testimony.

### d. Leonel Mendieta

Finally, the University argues any testimony by Mendieta regarding the physical altercation with Rullo is not relevant to his case and is prejudicial. The University asserts that Mendieta's testimony must be limited to his first-hand knowledge of the University's conduct with respect to the Title IX investigation. ECF No. 110 at 4-5.

Rullo argues that Mendieta's testimony regarding the September 2016 incident is relevant evidence and not unfairly prejudicial. ECF No. 117 at 6. She asserts that it is the Title IX investigation that validated Mendieta's behavior on September 2, 2016. As such, testimony from Mendieta relative to the incident, including that his conduct may have made him the aggressor, may demonstrate to the jury the inadequacy of the University's Title IX investigation. Rullo argues that Mendieta's testimony as to the incident is probative admissible evidence and should not be limited. Id.

In ruling on other motions in limine, the Court has already ruled that information reported by Rullo and Mendieta to the City of Pittsburgh Police and the University of Pittsburgh Police is admissible because it was information that was provided to the University, which it considered as part of the Title IX investigation. Also, Rullo and Mendieta both provided their "side of the story" as to what happened during the September 2, 2016 incident to Law School and University officials. As such, the Court finds that testimony from Mendieta relative to the incident is clearly relevant. It may also be used to establish inconsistent statements made by Mendieta and, therefore, relate to the reasonableness of the University's investigation. Therefore, Mendieta will be permitted to testify as to the incident, assuming that a proper foundation is presented.

### III. CONCLUSION

For the reasons set forth herein, IT IS HEREBY ORDERED that Defendant's Motion in Limine to Exclude Certain Witnesses and/or Witness Testimony, ECF No. 110, is DENIED.

Dated:  February 18, 2021                BY THE COURT:

   */s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:  All counsel of record via CM/ECF.